IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DYTANYA ROBINSON,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| vs.            ) | No.: |
| ) | |
| CITY OF ROCK ISLAND, IL and            ) | JURY TRIAL DEMANDED |
| TIMOTHY J. MCCLOUD, in his Official    ) | |
| Capacity            ) | |
| ) | |
| Defendant.            ) | |

## COMPLAINT

NOW COMES Plaintiff, Dytanya Robinson, by and through her attorneys, O'Brien & Marquard, P.L.C., for her claim against Defendant, City of Rock Island, IL, alleges as follows:

### NATURE OF THE CASE

1. This is a civil rights complaint for discrimination and retaliation against the City of Rock Island, IL in violation of the Illinois Human Rights Act, 775 ILCS 5/101 *et. seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") through 42 U.S.C. §1983, the United States Constitution via 42 U.S.C. §1983, and the Illinois Civil Rights Act of 2003, 740 ILCS 23/1 *et. seq*. Robinson brings this action under the Illinois Human Rights Act after opting out of the Illinois Department of Human Rights' investigation process pursuant to 775 ILCS 5/7A-102(C)(1).

2. Robinson brings this claim against McCloud, in his individual capacity, for violations of 28 U.S.C. §1981 via 28 U.S.C. §1983 for race discrimination and retaliation and violations of her Equal Protection and Due Process rights under the United States Constitution.

1

3. This court has jurisdiction of Robinson's Federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Robinson's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in Rock Island Division of the Central District of Illinois pursuant to 28 U.S.C. §1391(a) because the events giving rise to this action occurred in this district.

## THE PARTIES

5. Plaintiff, DyTanya Robinson (Robinson), a black woman, started working for the City of Rock Island ("Rock Island") as a police officer on March 30, 1998. She remains employed by Rock Island.

6. Rock Island is a municipality in Rock Island County, Illinois.

7. Rock Island is an employer as defined in the Illinois Human Rights Act.

8. Police Chief Timothy McCloud is Rock Island's current Police Chief but previously served as the Deputy Chief.

## COMMON ALLEGATIONS OF FACT

9. Rock Island hired Robinson to work as a patrol officer in 1998.

10. Robinson was the first black, female police officer in Rock Island's history.

11. As an officer, Robinson worked in the patrol division.

12. In 2001, Robinson filed a complaint about a Sergeant who was harassing her. Rock Island and the Fraternal Order of Police (Police Union) investigated Robinson's complaint. They kept no record of her complaint.

13. In 2002, Robinson remained a patrol officer but also became the Rock Island Housing Authority Liaison Officer which remained her position until 2011.

14. Around 2004-2005, Robinson requested to serve an internship with Rock Island's police department as part of requirements to earn a bachelor's degree. Rock Island denied Robinson's request, claiming it was because of her employment with the police department while allowing white, male employees of the police department to complete similar internships with Rock Island.

15. Robinson joined the Emergency Response Team ("SWAT") team in 2006.

16. Robinson was the first woman to serve on the Emergency Response Team.

17. From the early 2000s through 2010 Robinson applied for numerous promotions but did not receive any of them.

18. In 2011, Rock Island promoted Robinson to Sergeant.

19. An officer is eligible to apply to become a Sergeant after four years as a police officer.

20. Robinson was the first black woman promoted to Sergeant.

21. As Sergeant, Robinson supervised Second Shift Patrol and the Rock Island Housing Authority Liaison Officer.

22. As a Sergeant in the patrol division, Robinson worked with many white men who were promoted to Sergeant after her but were promoted to Lieutenant before her.

23. In 2016, Robinson applied for a technical services division Sergeant. Rock Island awarded that position to a white, male employee with children. The Police Chief told Robinson that the white male officer was awarded the promotion even though he lacked the seniority to get a day shift position because he had children and was involved in his children's lives.

24. Robinson has children and, at the time, was solely responsible for raising her grandson.

25. Robinson had previously applied for the technical services sergeant position. Rock Island explained that it did not award her the position because she had less seniority.

26. When Robinson later applied for a lieutenant position, a member of the Police and Fire Commission questioned her qualifications during the interview because she had worked her entire career in patrol.

27. In 2021, Robinson contract COVID-19 at work and was off work. She spent approximately one month in a coma due to COVID-19.

28. When Robinson returned to work after contracting COVID-19, Rock Island required that she pass medical tests that white, male officers who had contract COVID-19 were required to complete.

29. When Robinson returned to work after contracting COVID-19, Rock Island wanted her to pass a physical agility test that no other officer were required to pass.

*Lieutenant Promotional Process*

30. In 2018, Robinson participated in the promotional process to become a lieutenant. Robinson was fourth on the lieutenant eligibility list. Rock Island awarded the first three people on the list with promotions to lieutenant before the list expired.

31. An officer is eligible to become a lieutenant after two years as a sergeant.

32. Promotions are based, in part, on the individual's promotional exam score which consists of the result of the written exam, the results of an oral interview with the Police and Fire Commission, the result of the police chief's evaluation during the Commission interview, and seniority.

33. The results of the written examination count for 40% of the promotional exam score. The results of the oral interview with the Police and Fire Commission count for 25% of

the promotional exam score. The results of the Police Chief's evaluation during the oral interview count for 25% of the promotional exam score. The officer's seniority through time and grade counts for 10% of the promotional exam score. All of Rock Island's police chiefs during this time have been white men.

34. According to Rock Island protocol, the eligibility list for a promotion is in effect for 24 months unless a vacancy or vacancies exist during the 24-month period that were not filled. If unfilled vacancies exist, the list is extended for the period of time that the vacancy or vacancies existed during the 24-month period.

35. When a lieutenant position is open, the top five individuals on the "Certified Promotions List" are eligible for the promotion.

36. Past practice for the police department is to promote the person with the highest promotional exam score.

37. In June 2020, Rock Island transferred Robinson to the technical services sergeant position. She held that position for the full three-year term, until June 2023.

38. After June 2023, Robinson was transferred to day-shift patrol supervisor. At this time, Robinson was the most senior Sergeant.

39. Robinson participated in the promotional process to become a lieutenant again in 2020. In 2020, she was again fourth on the Final Eligibility List. The top two officers on the list had just been promoted to Sergeant in 2019. The top three officers on the list were promoted to lieutenant before the list expired.

40. A fourth lieutenant retired between July 21, 2020 and July 21, 2022 (while the 2020 list was active). Rock Island elected to replace the lieutenant with a sergeant. This restructuring denied Robinson a promotion to lieutenant.

41. In 2023, Robinson resigned from the Emergency Response Team.

42. Robinson participated in the promotional process to become a lieutenant in 2022. Robinson was first on the Final Eligibility List.

43. A vacancy was created when a lieutenant retired in early 2024. Rock Island elected to leave the vacancy open until after July 22, 2024.

44. Although the lieutenant vacancy remained open, Chief McCloud allowed the list to expire. Rock Island declared the 2022 list expired on July 22, 2024.

45. The July 22, 2024 expiration of the 2022 list was contrary to Rock Island's Promotional Process policy.

46. Robinson again participated in the promotional process for a lieutenant in 2024. She was fourth on the list with a score of 88.43. The three scores above her were 91.98, 88.59, and 88.54.

47. On November 19, 2024, Rock Island announced that Robinson, as well as the three officers above her on the Final Eligibility List, would be promoted effective February 3, 2025. Robinson would have less seniority than the other three officers being promoted on the same day.

48. Throughout her time with Rock Island, Robinson has been given lower performance scores than similarly situated white, male colleagues.

*Complaint and Discipline*

49. In November 2023, Robinson complained to then Deputy Chief McCloud about being the victim of discrimination and about how the department seemed to prefer to promote younger officers.

50. McCloud did not take any action on Robinson's complaints.

51. In late 2023 or early 2024, then Chief Landi investigated Robinson because of communications she had with a childhood acquaintance. Unbeknownst to Robinson, her childhood acquaintance was a felon.

52. Chief Landi cleared Robinson of any wrongdoing with respect to her communications with her childhood acquaintance.

53. Chief Landi retired in 2024 and was replaced with Chief McCloud.

54. After Rock Island promoted Chief McCloud, he decided to reopen the investigation into Robinson's relationship with her childhood acquaintance.

55. Chief McCloud disciplined Robinson on June 6, 2024 because of her acquaintance with a felon.

56. In April 2023, Robinson complained that a new black, female officer was not getting properly trained. That officer later left the department.

*Training*

57. On January 13, 2023, Robinson requested to be able to take Northwestern University's School of Police Staff and Command online course from August 14, 2023 through December 15, 2023.

58. Rock Island denied Robinson's request, stating that it would not pay for her to attend Police Staff and Command because it wanted to send younger lieutenants to the course.

59. Rock Island decided to send lieutenants and a sergeant with less seniority than Robinson to Police Staff and Command. Rock Island paid tuition for all three of these white, male individuals and allowed them to use work time to take the class.

60. On February 1, 2024, Robinson requested to be able to attend Northwestern University's School of Police Staff and Command online course from March 11 to August 18. She planned to pay for the course herself.

61. Robinson paid for the course from her personal funds and used her personal time to complete Police Staff and Command. Robinson took the course during the second half of 2024.

62. Rock Island reimbursed Robinson for the tuition cost after she completed the course but did not credit her with any comp time for the personal time devoted to class and studying, in contrast to how it treated white, male officers.

63. Robinson completed the course while working full-time. Robinson would work a complete 8-hour shift and then spend additional hours completing her coursework.

64. Robinson's male colleagues in the course were allowed to use work time to attend class and study.

65. Rock Island's treatment of Robinson throughout her career amounts to a pattern and practice of race and gender discrimination so as to constitute a custom or usage that has the effect of law.

66. Rock Island's consistent and subjective ranking of Robinson lower than white, male applicants, manipulation of eligibility list expiration dates, selective use of seniority rules and otherwise preferential treatment of white, male employees were actions and/or sanctioned by Rock Island's official with final policymaking authority.

*Administrative Exhaustion*

67. On August 22, 2024, Robinson filed a complaint of discrimination and retaliation with the Illinois Department of Human Rights.

68. On October 29, 2024, Robinson filed an Opt Out Request with the Illinois Department of Human Rights.

69. On October 31, 2024, the IDHR issued a right to sue to Robinson.

70. Robinson exhausted the administrative requirements for this action.

## COUNT I

### IHRA—Discrimination on the Basis of Race against Rock Island

71. Robinson restates and re-alleges the Common Allegations of Fact as if set forth herein.

72. Rock Island treated Robinson less favorably than non-black employees when it denied her a promotion to lieutenant, promoted her to lieutenant with the least seniority, denied her training opportunities, investigated and disciplined her more harshly, and gave her less favorable performance reviews.

73. Robinson's performance was as good as non-black officers and sergeants.

74. Rock Island's discriminatory actions altered the terms of Robinson's employment.

75. Rock Island's actions violated the Illinois Human Rights Act.

76. Rock Island's actions caused Robinson to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dytanya Robinson requests that this Court enter judgment in her favor and against Rock Island for compensatory damages, reinstatement, back pay, attorney's fees, costs, interest, any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

## COUNT II

**IHRA—Discrimination on the Basis of Sex against Rock Island**

77. Robinson restates and re-alleges the Common Allegations of Fact as if set forth herein.

78. Rock Island treated Robinson less favorably than non-female employees when it denied her a promotion to lieutenant, promoted her to lieutenant with the least seniority, denied her training opportunities, investigated and disciplined her more harshly, and gave her less favorable performance reviews.

79. Robinson's performance was as good as non-female officers and sergeants.

80. Rock Island's discriminatory actions altered the terms of Robinson's employment.

81. Rock Island's actions violated the Illinois Human Rights Act.

82. Rock Island's actions caused Robinson to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dytanya Robinson requests that this Court enter judgment in her favor and against Rock Island for compensatory damages, reinstatement, back pay, attorney's fees, costs, interest, any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

## COUNT III

**IHRA—Discrimination on the Basis of Race and Sex against Rock Island**

83. Robinson restates and re-alleges the Common Allegations of Fact as if set forth herein.

84. Rock Island treated Robinson less favorably than non-black and non-female employees when it denied her a promotion to lieutenant, promoted her to lieutenant with the least

seniority, denied her training opportunities, investigated and disciplined her more harshly, and gave her less favorable performance reviews.

85. Robinson's performance was as good as non-black and non-female officers and sergeants.

86. Rock Island's discriminatory actions altered the terms of Robinson's employment.

87. Rock Island's actions violated the Illinois Human Rights Act.

88. Rock Island's actions caused Robinson to suffer damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dytanya Robinson requests that this Court enter judgment in her favor and against Rock Island for compensatory damages, reinstatement, back pay, attorney's fees, costs, interest, any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

### COUNT IV

### IHRA—Retaliation against Rock Island

89. Robinson restates and re-alleges the Common Allegations of Fact as if set forth herein.

90. Rock Island retaliated against Robinson after she filed a complaint of discrimination with the deputy chief by denying her a promotion to lieutenant, promoting her to lieutenant with the least seniority, denying her training opportunities, investigating and disciplining her more harshly, and giving her less favorable performance reviews.

91. Rock Island failed to investigate Robinson's complaints of discrimination or take any meaningful action to stop the discrimination.

92. Robinson's performance was as good as officers and sergeants who had not made

complaints of discrimination.

93. Rock Island's retaliatory actions altered the terms of Robinson's employment.

94. Rock Island's actions violated the Illinois Human Rights Act.

95. Rock Island's actions caused Robinson to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dytanya Robinson requests that this Court enter judgment in her favor and against Rock Island for compensatory damages, reinstatement, back pay, attorney's fees, costs, interest, any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

**COUNT V**

**Discrimination—Section 1981 via Section 1983 against Rock Island**

96. Robinson restates and re-alleges the Common Allegations of Fact as if set forth herein.

97. Rock Island, under the color of state law, discriminated against Robinson because of her race.

98. Section 1981 (42 U.S.C. §1981) guarantees persons of all races the same right to make and enforce contracts regardless of race. The term "make and enforce" contract includes enjoyment of all benefits, privileges, terms, and conditions of an employment relationship.

99. Rock Island engaged in discriminatory patterns and practices with regard to Robinson's employment relationship.

100. Robinson was subjected to and harmed by Rock Island's discriminatory practices.

101. Robinson was harmed economically by the race discrimination, by, among other things, losing wages, income, and retirement benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dytanya Robinson requests that this Court enter judgment in her favor and against Rock Island for compensatory damages, economic damages, punitive damages, attorney's fees, costs, interest, any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

**COUNT VI**

**Discrimination—Equal Protection Clause and Due Process Clause via Section 1983 against Rock Island**

102. Robinson restates and re-alleges the Common Allegations of Fact as if set forth herein.

103. The Fourteenth Amendment to the United States Constitution protects persons from being subjected to racial discrimination by person acting under the color of state law.

104. Rock Island, under the color of state law, engaged in a pattern and in practices that treated Robinson differently because of her race.

105. The disparate treatment of Robinson because of her race has been so widespread throughout the Police Department that it is sufficiently permanent and well-settled to constitute a practice, custom, or usage with the force of law.

106. Rock Island's consistent and subjective ranking of Robinson lower than white, male applicants, manipulation of eligibility list expiration dates, selective use of seniority rules and otherwise preferential treatment of white, male employees were actions and/or sanctioned by Rock Island's official with final policymaking authority.

107. Robinson was subjected to and harmed by the practices and custom of systemic racial discrimination in the Police Department.

108. Robinson was harmed economically by the race discrimination, by, among other

things, losing wages, income, and retirement benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dytanya Robinson requests that this Court enter judgment in her favor and against Rock Island for compensatory damages, economic damages, punitive damages, attorney's fees, costs, interest, any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

## COUNT VII

**Discrimination—Section 1981 against McCloud, in his individual capacity.**

109. Robinson restates and re-alleges the Common Allegations of Fact as if set forth herein.

110. Section 1981 (42 U.S.C. §1981) guarantees persons of all races the same right to make and enforce contracts regardless of race. The term "make and enforce" contract includes enjoyment of all benefits, privileges, terms, and conditions of an employment relationship.

111. McCloud, to the extent that he acted outside his authority, intentionally discriminated against Robinson based on her race in violation of 42 U.S.C. § 1981.

112. Robinson was subjected to and harmed by McCloud's discriminatory actions.

113. Robinson was harmed economically by the race discrimination, by, among other things, losing wages, income, and retirement benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dytanya Robinson requests that this Court enter judgment in her favor and against Rock Island for compensatory damages, economic damages, punitive damages, attorney's fees, costs, interest, any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

## COUNT VIII

**Discrimination—Equal Protection Clause and Due Process Clause via Section 1983 against McCloud, in his individual capacity**

114. Robinson restates and re-alleges the Common Allegations of Fact as if set forth herein.

115. The Fourteenth Amendment to the United States Constitution protects persons from being subjected to racial discrimination by person acting under the color of state law.

116. Rock Island, under the color of state law, engaged in a pattern and in practices that treated Robinson differently because of her race.

117. The disparate treatment of Robinson because of her race has been so widespread throughout the Police Department that it is sufficiently permanent and well-settled to constitute a practice, custom, or usage with the force of law.

118. Rock Island's consistent and subjective ranking of Robinson lower than white, male applicants, manipulation of eligibility list expiration dates, selective use of seniority rules and otherwise preferential treatment of white, male employees were actions and/or sanctioned by Rock Island's official with final policymaking authority.

119. Robinson was subjected to and harmed by the practices and custom of systemic racial discrimination in the Police Department.

120. Robinson was harmed economically by the race discrimination, by, among other things, losing wages, income, and retirement benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dytanya Robinson requests that this Court enter judgment in her favor and against Rock Island for compensatory damages, economic damages, punitive damages,

attorney's fees, costs, interest, any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

## COUNT VII

**Illinois Civil Rights Act of 2003, 740 ILCS 23/1** *et. seq.* **against Rock Island**

121.   Robinson restates and re-alleges the Common Allegations of Fact as if set forth herein.

122.   The Illinois Civil Rights Act prohibits, among other things, racial discrimination by units of local government in Illinois.

123.   Rock Island is a united of local government in Illinois.

124.   Rock Island excluded Robinson from participation in, denied her the benefits of, and subjected her to discrimination in employment on the basis of her race in violation of the Illinois Civil Rights Act.

125.   Rock Island utilized criteria and methods of administration that had the effect of subjecting Robinson to discrimination because of her race.

126.   Robinson was harmed economically by the discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dytanya Robinson requests that this Court enter judgment in her favor and against Rock Island for compensatory damages, economic damages, punitive damages, attorney's fees, costs, interest, any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff Dytanya Robinson demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: January 28, 2025                    Respectfully submitted,

*/S/Kelsey A. W. Marquard*
Kelsey A. W. Marquard, ARDC 6311205
O'Brien & Marquard, P.L.C.
2322 East Kimberly Road, Suite 140S
Davenport, Iowa 52807
563-355-6060 Telephone
563-355-6666 Facsimile
kawm@emprights.com   Email

ATTORNEY FOR PLAINTIFF